UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURNAM SINGH, | No. 1:26-cv-00103-JLT-CDB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| TODD LYONS, *et al.*, | (Doc. 2) |
| Respondents. | **14-DAY DEADLINE** |

Petitioner Gurnam Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for preliminary injunction.[1]  (Docs. 1, 2).  The motion was referred to the undersigned for preparation of findings and recommendations.  (Doc. 4).  The undersigned previously has addressed the legal issues raised in Petitioner's motion.  *See*, *e.g.*, *Doe v. Chestnut*, No. 1:25-CV-01372-CDB (HC), 2025 WL 3295154 (E.D. Cal. Nov. 26, 2025).

In his motion, Petitioner represents that he entered the United States on July 27, 2022.  That same day, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear and placed him into removal proceedings, before releasing him from custody under DHS supervision.  Petitioner states he complied with all conditions of his release, lived with his family, and attended all Immigrations and Customs Enforcement ("ICE") appointments, and DHS has at no point alleged he violated any condition of release, nor presented a flight risk or danger to the community.  On October 16, 2025, ICE informed him during an appointment that he and his wife

---

[1] The Court denied the Petitioner's motion for temporary restraining order (Doc. 2) as untimely.  However, the Court found that, even still, Petitioner raised a serious question as to the process he is due and, thus, converted the motion to one seeking a preliminary injunction.  *See* (Doc. 4).

would be enrolled in the Alternatives to Detention program.  (Doc. 2 at 3).  On October 20, 2025, ICE telephoned Petitioner to instruct him to return to the ICE office on October 22, 2025.  Petitioner did so and was arrested and detained by ICE.  *Id.* at 4.

In their opposition to the motion for preliminary injunction, Respondents represent that the "issue presented in this case is well-known to the Court" and "this matter is not substantively distinguishabl[e] from the Court's prior precedent."  (Doc. 7 at 1; citing *Doe*, 2025 WL 3295154). In reply, Petitioner also cites to the *Doe* matter in support of the motion.  (Doc. 8 at 3).

As Respondents have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decision in the *Doe* matter, the undersigned finds that the preliminary injunction requested by Petitioner here should be granted for the same reasons a preliminary injunction issued in *Doe*.  Specifically, for the same reasons as set forth in the Court's order in *Doe*, Petitioner is likely to succeed on the merits of his claim that his recent arrest and detention by immigration authorities violates his procedural due process rights in that (1) he has an underlying, continuing liberty interest to remain out of custody, and (2) under the analysis prescribed in *Mathews v. Eldridge*, 424 U.S. 319 (1976) ("Mathews"),  he is entitled to release and to a bond hearing to determine whether he may be subject to continued re-detention pending the completion of his removal proceedings.  As in *Doe*, the undersigned considered the factors identified in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) and concludes they weigh in favor of granting preliminary injunctive relief.

**Conclusion and Recommendation**

For the foregoing reasons, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's motion for preliminary injunction (Doc. 2) be GRANTED; and

2. Respondents be ordered to release Petitioner and to not re-detain him unless and until Respondents first schedule a bond hearing to take place before a neutral immigration judge where, to continue detention, Respondents must establish by clear and convincing evidence that Petitioner presents a current risk of flight or danger to the community such that his physical custody is legally justified.

These findings and recommendations will be submitted to the United States district judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 22, 2026**    _____

UNITED STATES MAGISTRATE JUDGE