**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURNAM SINGH,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>TODD LYONS, *et al.*,<br><br>　　　　　Respondents. | Case No. 1:26-cv-00103 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. 9) |

Gurnam Singh, an immigration detainee, initiated this action on January 7, 2026, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner filed a motion for temporary restraining order that same day. (Doc. 2.) On January 8, 2026, the Court denied the TRO as untimely, but, finding that Petitioner raised a serious question as to the process he is due, converted the motion to one seeking a preliminary injunction and referred it to the assigned magistrate judge. (Doc. 4.)

On January 22, 2026, the magistrate judge issued findings and recommendations to grant the motion for preliminary injunction. (Doc. 9.) The magistrate judge noted that Petitioner entered the United States on July 27, 2022, and was detained by immigration authorities before being released under supervision. Upon release, Petitioner lived in the United States with his family and complied with the conditions of his release, including attending appointments with Immigrations and Customs Enforcement. On October 22, 2025, he was detained by ICE after

being instructed by telephone call to return to the ICE office. The magistrate judge noted that Respondents did not identify any factual or legal issues in this case that rendered it distinguishable from the Court's prior decisions, including in the matter of *Doe v. Chestnut*, No. 1:25-CV-01372-CDB (HC), 2025 WL 3295154 (E.D. Cal. Nov. 26, 2025). The magistrate judge recommended the motion be granted for the same reasons as in *Doe*, namely Petitioner is likely to succeed on the merits of his claim that his re-arrest and continuing detention violate his rights under the Fifth Amendment to the U.S. Constitution to procedural due process; that he has an underlying liberty interest to remain out of custody; and he is entitled, under *Mathews v. Eldridge*, 424 U.S. 319 (1976), to release and to a bond hearing to determine whether he may be subject to continued re-detention pending the completion of his removal proceedings. (*Id.* at 1-2.)

The Court served the findings and recommendations on the parties and informed them that any objections were due in 14 days. (Doc. 9 at 3.) The Court also warned them that "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* at 3 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)). No objections have been filed and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes that the findings and recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 9) issued on January 22, 2026, are **ADOPTED** in full.

2. Petitioner's motion for preliminary injunction (Doc. 2) is **GRANTED**.

///

///

///

///

///

///

///

3. Respondents **SHALL** release Petitioner immediately and shall not re-detain him unless and until Respondents first schedule a bond hearing to take place before a neutral immigration judge where, to continue detention, Respondents must establish by clear and convincing evidence that Petitioner presents a current risk of flight or danger to the community such that his physical custody is legally justified.[1]

IT IS SO ORDERED.

Dated:    **February 10, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.

3