# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GURNAM SINGH,

      Petitioner,

    v.

TODD LYONS, *et al.*,

      Respondents.

No. 1:26-cv-00103-JLT-CDB (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S PETITION

(Doc. 1)

**7-DAY DEADLINE**

Petitioner Gurnam Singh is an immigration detainee proceeding with a petition for writ of habeas corpus.

The Court granted the Petitioner's motion for preliminary injunction on February 10, 2026. (Doc. 9, 10). After granting the motion, the Court directed the parties to file supplemental briefing regarding the petition, or alternatively, a statement of intent to file no further briefing. (Doc. 11). The parties both filed statements of intent to file no further briefing. (Docs. 12, 13).

For the reasons set forth herein, the undersigned recommends that Petitioner's petition for writ of habeas corpus be granted.

**Factual Background**

In his petition, Petitioner alleges that he entered the United States on July 27, 2022. That same day, the Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear and placed him into removal proceedings, before releasing him from custody under DHS supervision. Petitioner alleges he complied with all conditions of his release, lived with his family, and attended all Immigrations and Customs Enforcement ("ICE") appointments, and DHS has at no point alleged he violated any condition of release, nor presented a evidence or argument that

1

Petitioner presents flight risk or danger to the community.

On October 16, 2025, ICE informed Petitioner during an appointment that he and his wife would be enrolled in the Alternatives to Detention program. Shortly thereafter, on October 20, 2025, ICE telephoned Petitioner to instruct him to return to the ICE office on October 22, 2025. Petitioner did so and was arrested and detained by ICE. (Doc. 1 ¶¶ 18-29).

**Governing Authority**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241. A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

**Discussion**

In their opposition to the motion for preliminary injunction, Respondents assert that the "issue presented in this case is well-known to the Court" and "this matter is not substantively distinguishabl[e] from the Court's prior precedent." (Doc. 7 at 1; citing *Doe v. Chestnut*, No. 1:25-cv-01372-CDB (HC), 2025 WL 3295154, at *1 (E.D. Cal. Nov. 26, 2025)). In his reply, Petitioner also cites to the *Doe* matter in support of his motion for preliminary injunctive relief. (Doc. 8 at 3).

Respondents filed no further briefing on the merits of the petition following the presiding district judge's determination that Petitioner was likely to succeed on the merits of his claims and entitled to a preliminary injunction. Nor have Respondents identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions. As such, the undersigned

2

finds that the petition should be granted for the same reasons as in *Doe* and other decisions of this Court. Specifically, for the same reasons as set forth in the Court's order in *Doe*, Petitioner has shown that his arrest and re-detention by immigration authorities violates his procedural due process rights in that (1) he has an underlying, continuing liberty interest to remain out of custody given his earlier release by immigration authorities, and (2) under the analysis prescribed in *Mathews v. Eldridge*, 424 U.S. 319 (1976) ("*Mathews*"), he is entitled to release and to a bond hearing to determine whether he may be subject to continued re-detention pending the completion of his removal proceedings. *See Doe*, 2026 WL 194602.

Respondents concede that the facts of Petitioner's case are not materially distinguishable from those of other cases (*see* Doc. 7) in which this Court has found habeas petitioners entitled to relief under the Immigration and Nationality Act ("INA") and/or the Fifth Amendment to the U.S. Constitution. *See Doe*, 2026 WL 194602; *Garcia v. Chestnut*, No. 1:25-cv-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-cv-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026); *Hernandez v. Warden*, No. 1:25-cv-01676-KES-CDB (E.D. Cal. Feb. 21, 2026); *LNU v. Chestnut*, No. 1:26-cv-00979-KES-CDB (HC), 2026 WL 373844, at *1 (E.D. Cal. Feb. 9, 2026) ; *Dzhatdoev v. Warden*, No. 1:25-cv-01457 JLT CDB (HC), 2026 WL 395676, at *1 (E.D. Cal. Feb. 12, 2026).

**Conclusion and Recommendation**

For the foregoing reasons, the undersigned HEREBY RECOMMENDS that:

1. Petitioner's petition (Doc. 1) be GRANTED; and

2. Respondents be ENJOINED and RESTRAINED from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

3. The Clerk of the Court be DIRECTED to enter judgment accordingly and to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 7 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **March 2, 2026**

_____
UNITED STATES MAGISTRATE JUDGE