**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GURNAM SINGH,

        Petitioner,

    v.

TODD LYONS, *et al.*,

        Respondents.

Case No. 1:26-cv-00103 JLT CDB (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(Doc. 14)

Gurnam Singh is a federal immigration detainee. He initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, while in custody of the Immigration and Customs Enforcement at the California City Detention Facility.  (Doc. 1.) Petitioner filed a motion for temporary restraining order that same day.  (Doc. 2.)  After converting the motion to a motion for preliminary injunction, the Court granted the preliminary injunction.  (Doc. 10.)  Thereafter, the Court ordered the parties to file any supplemental briefing on the merits of the petition or a statement of intent to file no further briefing.  (Doc. 11.)  Both parties declined to file further briefing.  (Docs. 12, 13.)

On March 2, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition.  (Doc. 14.)  Respondents filed objections, advancing the same arguments set forth in their opposition (Doc. 7) to Petitioner's motion for preliminary injunction.  (Doc. 15.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this

case.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations (Doc. 14) issued on March 2, 2026, are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

3. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1]

4. The Clerk of the Court is **DIRECTED** to enter judgment for Petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **March 9, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here SHALL be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's SHALL provide a bond hearing in the timeframe required by law.

2